CAROLINE K. ROSENKRANZ, Plaintiff, v. GIBSON REALTY IMPROVEMENT CO., INC., and Others, Impleaded with LOUIS J. SIGL, Appellant, and PHILIPP J. P. ROSENKRANZ, Respondent.— Order granted August 23, 1920, confirming report of referee, as resettled by order granted October 18, 1920, reversed on the law and facts, and matter remitted to the County Court of Erie county to name a new referee in the surplus money proceeding, with costs to the appellant. The record in this proceeding is in such condition that we are unable to determine what rights, if any, the appellant may have. The proceeding was irregular in its inception. Rule 32 of the Rules of Civil Practice was not complied with. The judgment and pleadings in the foreclosure action are not in the record. The referee appointed by the County Court occupied an office with the plaintiff's attorney and it was improper for him to act as referee under the circumstances. On account of that fact and the condition of the record, the ends of justice require that there should be another hearing in this proceeding. The order granted September 23, 1920, denying the application to require the return of the money to the county treasurer is also reversed, and the County Court is directed to make an order requiring the return of all moneys to the county treasurer, pending the determination of the proceeding. All concur.

DOUGLAS GUENTHER, Respondent, v. ABE BERNSTEIN, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur.

WILLIAM B. MACDONALD, Respondent, v. HAMILTON B. WILLS & COMPANY, LTD., Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur.

In the Matter of the Estate of CARRIE E. HARDING, Deceased.— Order affirmed, without costs of this appeal to either party. All concur.

IDA W. FORAN, Respondent, v. WILLIAM H. MULLER & Co., INC., Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur.

OTTO H. WENDE, Respondent, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF ERIE and Another, Appellants, Impleaded with Others.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, on the ground that this action was not obviously within the definition a difficult and extraordinary one,* and that within the rule prevailing within this department an additional allowance was improperly granted to the plaintiff. (*Swan* v. *Stiles*, 94 App. Div. 117; *Frey* v. *N. Y. C. & H. R. R. R. Co.*, 114 id. 623; *Cooper* v. *N. Y., L. & W. R. Co.*, Nos. 1 & 2, 122 id. 128; *Bradshaw* v. *City of Jamestown*, 125 id. 86.) All concur.

THE CITY OF UTICA, Appellant, v. TONY HANNA, Respondent.— Order reversed, on the law, with ten dollars costs and disbursements, and motion denied, on the ground that the plaintiff city did not incur any liability by procuring the injunction or because of its proceeding under it. (*City of Yonkers* v. *Federal S. R. Co.*, 221 N. Y. 206; *Herkimer Lumber Co.* v. *State of New York*, 196 App. Div. 708.) The Special Term did not have jurisdiction to amend the injunction order and impose a liability where none had existed before the amendment. All concur; Crouch, J., not sitting.

---

* See General Municipal Law, § 51; Civ. Prac. Act, § 1513; formerly Code Civ. Proc. § 3253.— [REP.