EDWARD A. JANDORF and Another, Respondents, v. WIMAN H. SMITH and Another, as Executors, etc., of JOHN H. SMITH, Deceased, Appellants.

Fourth Department, January 11, 1928.

References — incidental reference — practice — case not difficult and extraordinary — extra allowance denied.

A reference provided for in an interlocutory judgment, which is ordered for the purpose of reporting on the facts, is an incidental reference and the ordinary practice is to move at Special Term for confirmation of the report and for final judgment. At the same time a motion may be made for an extra allowance. In this case the extra allowance was not properly granted since the case was not difficult and extraordinary.

APPEAL by the defendants from an order of the Supreme Court, entered in the office of the clerk of the county of Erie on the 22d day of November, 1927.

The order of Special Term granted plaintiffs' motion for an extra allowance under section 1513 of the Civil Practice Act, and overruled defendants' objection that the Special Term did not have power to entertain the motion.

C. De Forest Cummings [Marguerite E. Kennedy of counsel], for the appellants.

Shire & Jellinek [B. Frank Dake of counsel], for the respondents.

PER CURIAM. The reference provided for in the interlocutory decree was not to hear, try and determine. It was an incidental reference to ascertain certain facts, "to the end that upon the coming in and the confirmation of such report a final judgment may be entered." The ordinary practice under the circumstances here would have been to move at Special Term for the confirmation of the report and for final judgment and at the same time for an extra allowance. The point of practice, however, is immaterial since we are of the opinion that the case was not difficult and extraordinary within the rigid rule of this department. (Wende v. Board of Supervisors, 206 App. Div. 732, and authorities cited; Block v. Amsden, 207 id. 883.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.